IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Berry, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  10 C 8087 |
| Central Portfolio Control, Inc., a Minnesota corporation, Mercantile Adjustment Bureau, LLC, a New York limited liability company, Razor Capital II, LLC, a Minnesota limited liability company, and Razor Capital, LLC, a Minnesota limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Charles Berry, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) some of the acts and transactions occurred here; and b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Charles Berry ("Berry"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a delinquent consumer debt owed for a World Foremost Bank credit card, despite the fact that he was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Central Portfolio Control, Inc. ("CPC"), is a Minnesota corporation which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. CPC operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company which acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Mercantile collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendants, Razor Capital II, LLC ("Razor Two"), and Razor Capital, LLC ("Razor One"), are both Minnesota limited liability companies, which act as debt collectors, as defined by § 1692a of the FDCPA, because they regularly use the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Razor Two and Razor One operate nationwide delinquent debt collection businesses and attempt to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

7. Moreover, Defendants Razor Two and Razor One are sister corporations that act as debt scavengers -- buying large portfolios of defaulted consumer debts for

pennies on the dollar, the full amount of which debts they then try to collect through other debt collectors, like Defendants CPC and Mercantile.

8. All of the Defendants are licensed to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

9. Moreover, Defendants CPC, Mercantile and Razor One are also licensed as collection agencies in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

10. Mr. Berry is a disabled man, with limited assets and income, who fell behind on paying his bills, including a consumer debt he owed for a World Foremost Bank credit card. At some point in time after that debt became delinquent, it was bought by either Defendant Razor Two or Razor One, and when one of these Defendants began trying to collect this debt from Mr. Berry, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

11. Specifically, via a letter dated June 4, 2010, Defendant CPC demanded that Mr. Berry pay the World Foremost Bank debt. In this letter, Defendant CPC stated that Defendant Razor Two was the current owner of the debt. A copy of this letter is attached as Exhibit C.

12. Accordingly, on July 29, 2010, one of Mr. Berry's attorneys at LASPD informed Defendant Razor Two, through its agent, CPC, that Mr. Berry was represented by counsel, and directed Razor Two to cease contacting him, and to cease all further

collection activities because Mr. Berry was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Defendant Mercantile then sent Mr. Berry a collection letter, dated October 21, 2010, which demanded payment of the World Foremost Bank debt; however, in this letter, the current owner of the debt was identified as Defendant Razor One. A copy of this collection letter is attached as Exhibit E.

14. Accordingly, on November 23, 2010, Mr. Berry's LASPD attorney sent Defendant Razor One, through its agent, Defendant Mercantile, a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

15. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify The Current Creditor Effectively

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

19. Defendants' form collection letters leave anyone, let alone the unsophisticated consumer, with no idea as to who was actually the current creditor -- Razor Capital, II, LLC or Razor Capital, LLC. Thus, Defendants' form collection letters violate § 1692g(2) of the FDCPA.

20. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692e Of The FDCPA --
## Making False Statements

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

23. Defendants' form collection letters, referencing two different entities as the current creditor, cannot both be correct. Thus, one or the other of these letters are false, deceptive or misleading, in violation of § 1692e of the FDCPA.

24. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And To Cease Collections

25. Plaintiff adopts and realleges ¶¶ 1-16. This Count III is brought against Defendants Mercantile, Razor One and Razor Two.

26. Section 1692c(c) of the FDCPA prohibits a debt collector from

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

27. Here, the letter from Mr. Berry's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants violated § 1692c(c) of the FDCPA.

28. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

29. Plaintiff adopts and realleges ¶¶ 1-16.  This Count IV is brought against Defendants Mercantile, Razor One and Razor Two.

30. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

31. Defendants knew, or readily could have known, that Mr. Berry was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Berry was represented by counsel, and had directed a cessation of communications with Mr. Berry.  By directly sending Mr. Berry the second collection letter (Exhibit E) despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

32. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Charles Berry, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Berry, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles Berry, demands trial by jury.

                                                              Charles Berry,

                                                              By: <u>/s/ David J. Philipps</u>
                                                              One of Plaintiff's Attorneys

Dated: December 21, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com